76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael WESTERBERG; West-Van Transport, Inc.; Van Van
Vleck, Plaintiffs-Appellants,
v.
HOME DEPOT USA, INC., a Delaware corporation, Defendant-Appellee.
 No. 94-16630.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 1, 1996.
 
 Before: ALDISERT*, SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael T. Westerberg, West-Van Transport, Inc., and Van Van Vleck appeal the district court's dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, of their diversity action against Home Depot, U.S.A., Inc., alleging breach of contract and fraud based on Home Depot's repudiation of a contract that it entered into with West-Van providing that West-Van would be the exclusive intra-state carrier for Home Depot. We affirm the district court's judgment.
 
 I.
 
 3
 In 1989, the parties entered into a contract that provided Appellants with an exclusive right to haul Appellee's merchandise for a five year period. In 1992, Appellees repudiated the contract and filed a complaint with the California Public Utilities Commission, alleging that Appellants were in violation of California Public Utilities Commission General Order 147A Rule 6.3, which provides that such "[c]ontracts ... may not be made effective for more than one year." Appellants commenced this action for breach of contract. The district court dismissed the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure.
 
 
 4
 The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We review de novo the district court's interpretation of state law and its order dismissing the complaint. In re Kirkland, 915 F.2d 1236, 1238-39 (9th Cir.1990); Hishon v. King and Spaulding, 467 U.S. 69, 73 (1984).
 
 II.
 
 5
 The hauling contract clearly violates General Order 147A, and accordingly, is illegal. An illegal contract typically is also unenforceable; California courts "generally will not enforce an illegal bargain." Lewis & Queen v. N.M. Ball Sons, 48 Cal.2d 141, 150-151 (1957).
 
 
 6
 Appellants' contention that the general rule against enforcement of illegal contracts should not apply is unavailing. Appellants are a regulated carrier enjoined by the legislature to obey the orders of the Public Utilities Commission. Appellants are charged with knowledge of the rules and cannot selectively disavow them. Enforcement of the contract would not accomplish the policy underlying General Order 147A and, in fact, would encourage the very conduct prohibited by the Public Utilities Commission. The district court properly protected the integrity of the General Order by protecting against any future consequences of an illegal contract.
 
 
 7
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3